<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-2461**

_____

JUAN CARLOS HERRERA,

       Petitioner,

   v.

LORETTA E. LYNCH, Attorney General,

       Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  March 18, 2016        Decided:  April 4, 2016

_____

Before NIEMEYER, KING, and FLOYD, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Parastoo G. Zahedi, LAW OFFICE OF ZAHEDI, PLLC, Vienna, Virginia, for Petitioner.  Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Mary Jane Candaux, Assistant Director, Michael C. Heyse, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Carlos Herrera, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review.

We review legal issues de novo, "affording appropriate deference to the [Board's] interpretation of the [Immigration and Nationality Act] and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691–92 (4th Cir. 2008). Administrative findings of fact "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2012). We defer to the agency's factual findings under the substantial evidence rule. Hernandez-Avalos v. Lynch, 784 F.3d 944, 948 (4th Cir. 2015).

Upon review, we conclude that substantial evidence supports the Board's finding that Herrera failed to establish that he was eligible for withholding of removal.* We therefore deny the

---

* Herrera has abandoned review of the denial of protection under the CAT and the finding that he was statutorily ineligible for asylum because he did not raise these issues in his brief. Suarez-Valenzuela v. Holder, 714 F.3d 241, 248-49 (4th Cir. 2013) (failing to raise challenge to Board's ruling or finding in opening brief waives issue).

2

petition for review for the reasons stated by the Board.  See In re: Herrera (B.I.A. Nov. 7, 2013).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED